**No. 21-1134**                                  **September Term, 2021**

**NRC-PRM-50-1117**

**Filed On:** February 3, 2022

George Berka,

       Petitioner

    v.

U.S. Nuclear Regulatory Commission and
United States of America,

       Respondents


**PETITION FOR REVIEW FROM AN ORDER OF
THE NUCLEAR REGULATORY COMMISSION**


**BEFORE:**  Wilkins, Rao, and Jackson, Circuit Judges

**J U D G M E N T**

This petition for review of an order of the Nuclear Regulatory Commission was considered on the briefs and appendix filed by the parties.  See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j).  It is

**ORDERED AND ADJUDGED** that the petition for review be dismissed. Petitioner has not shown that he has Article III standing to challenge the Nuclear Regulatory Commission's denial of his petition for rulemaking.  See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992) (Article III standing requires a showing of a particularized injury-in-fact, causation, and redressability).  Petitioner's asserted injury based on climate change is not a particularized injury.  See Ctr. for Biological Diversity v. U.S. Dep't of Interior, 563 F.3d 466, 478 (D.C. Cir. 2009) (stating that climate change does not constitute a particularized injury in the absence of allegations showing that the harm is "focused any more on [a petitioner] than it is on the remainder of the world's population").  Additionally, to the extent petitioner claims particularized injury resulting from possible power outages during cold weather, he has not demonstrated injury that is actual or imminent.  See Public Citizen, Inc. v. Nat'l Highway Traffic Safety Admin., 489 F.3d 1279, 1292 (D.C. Cir. 2007) (injury must be "distinct and palpable, as opposed to merely abstract, and the alleged harm must be actual or imminent, not conjectural or hypothetical").  Nor has petitioner demonstrated that the asserted injury is redressable

# United States Court of Appeals

_____

## No. 21-1134                    September Term, 2021

by a favorable decision.  Where redress "depends on actions by a third party not before the court, the petitioner must demonstrate that a favorable decision would create a significant increase in the likelihood that the plaintiff would obtain relief that directly redresses the injury suffered."  Klamath Water Users Ass'n v. FERC, 534 F.3d 735, 739 (D.C. Cir. 2008) (internal quotation marks omitted).  Here, petitioner has not demonstrated that a favorable decision would create a significant increase in the likelihood of third parties reopening a nuclear power plant that would prevent interruption of power service to petitioner.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:    /s/
Daniel J. Reidy
Deputy Clerk